# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

EARL TYRONE PITTMAN,      )
                                     )

      Movant,                )
                                     )

v.                            )      Case No.   CV610-005
                                   )                     CR607-022

UNITED STATES OF AMERICA,  )                       CR605-037
                                   )

      Respondent.           )

## REPORT AND RECOMMENDATION

Earl Tyrone Pittman moves for 28 U.S.C § 2255 relief. Doc. 1. In *United States v. Pittman,* No. CR605-037 (*Pittman I*), the government prosecuted him for distribution of crack cocaine in violation of 21 U.S.C. § 841(1). Doc. 1. It later uncovered evidence that during the case, he tried to corrupt a witness against him, so in *United States v. Pittman,* No. CR607-022 (*Pittman II*), it prosecuted him for violating 18 U.S.C. § 1512(b)(1). CR607-022, doc. 1 at 1 ("Attempt to Tamper with a Witness"). A sentencing transcript filed both in *Pittman I*, doc. 29, and in *Pittman II,* doc. 49, shows that Pittman received an enhanced sentence in *Pittman I* because of his § 1512(b)(1)-violating conduct as addressed in *Pittman II*. In light of that, the Government dismissed

*Pittman II*. CR607-022, doc. 52. Pittman then unsuccessfully appealed *Pittman I*. CR605-037, doc. 40.

Citing *Pittman II*, Pittman next filed the instant § 2255 motion, which led to some initial confusion because in it he attacks only his *Pitman I* sentence. In an earlier Order, the Court sorted that out, determined that his motion is timely, then directed that all future filings be made only in *Pittman I*, CR605-037 and CV610-005, not *Pittman II*, CR607-022. CR605-037 doc. 43. It also told the government to respond, *id.,* which it did, doc. 45, and Pittman has replied. Doc. 46.

## I. ANALYSIS

### A. Pittman's Claims

Pittman raises two claims:

I. [COUNSEL] RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL DURING PITTMAN'S SENTENCING BECAUSE HE FAILED TO ADEQUATELY INVESTIGATE WHETHER PITTMAN'S DUI CONVICTION WOULD QUALIFY FOR CRIMINAL HISTORY POINTS.

\* \* \*

II. [COUNSEL] WAS CONSTITUTIONALLY DEFICIENT AT SENTENCING WHERE HE FAILED TO CHALLENGE THE CRACK/POWDER COCAINE DISPARITY PURSUANT TO *United State v. Kimbrough.*

2

CR605-037, doc. 44 at 5, 9.[1]

## B. Governing Standards

In addressing ineffective assistance of counsel (IAC) claims, the Court applies *Strickland v. Washington*, 466 U.S. 668 (1984), which created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the

_____

[1] Hereafter, all record cites will be to the CR605-037 file.

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

Under the prejudice prong, the movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983). In the sentencing context, a movant must show a reasonable probability that the result of the sentencing proceeding would have been different. *Lawhorn v. Allen*, 519 F.3d 1272, 1296 (11th Cir. 2008). So, if deficient performance is demonstrated but no prejudice is shown, the IAC claim fails. *See, e.g., Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test

must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

## C. Uncounseled Prior Conviction

The gist of Pittman's first claim is this: had his counsel (Jerry Cadle) investigated his prior, DUI conviction, he would have found that it was the product of an uncounseled guilty plea and, even though it was a misdemeanor, Pittman received a fine *and* a one-year, standalone sentence of probation.[2] Thus, Cadle would have and should have persuaded this Court against counting the DUI conviction when calculating his sentence under the U.S. Sentencing Guidelines (USSG). That, in turn, would have lowered the USSG guidelines range from 151-188 months to 135-168 months (he got 166). Doc. 44 at 5-8. And that, he concludes, may well have convinced the sentencing judge to give him a lower sentence. *Id.*

---

[2] The Presentence Investigation Report (PSI) noted that Pittman had been subjected to only a $500 fine and that "[a]ttorney representation could not be determined." PSI at 7. The PSI assigned one Criminal History Point, *id.* which was doubled since he was on probation at the time. *Id.* at 8. This offense was cited, along with others, in the Probation Officer's Sentencing Recommendation. SR at 1.

For the purpose of this ruling, the Court will accept Pittman's factual assertions (about being uncounseled and having received a standalone sentence of probation on his DUI conviction) as true. Pittman's argument derives from the established principle that "[t]he Sixth Amendment right to counsel at all critical stages applies in all cases where an indigent defendant *faces incarceration*, regardless whether the offense was a misdemeanor or felony." *United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010) (quotes and cite omitted; emphasis added). Incarceration is key.[3]

The waters get muddied somewhat by *Alabama v. Shelton*, 535 U.S. 654 (2002), which held that a suspended sentence of imprisonment -- even for a misdemeanor -- may not be imposed unless the defendant has been appointed counsel or has waived his right to have counsel appointed. *Id.* at 658, 662. But that right is not implicated where one

---

[3] "Following its decision in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R.2d 733 (1963) (Sixth Amendment requires that indigent defendant in state court proceedings have counsel appointed) . . . a sentence may not be enhanced on information that is 'materially untrue.' *U.S. v. Tucker*, 404 U.S. 443, 447, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972). Calling an unconstitutionally-obtained prior conviction 'misinformation of constitutional magnitude,' the *Tucker* Court said that a court may not use that conviction in fashioning a sentence. *Id.*" 3 CRIM. PRAC. MANUAL § 102:25 (Nov. 2010).

receives a standalone sentence of probation rather than a suspended prison term coupled with probation. *States v. Pollard*, 389 F.3d 101, 105 (4th Cir. 2004). A dissent in that case argued otherwise:

> In both the state and federal systems utilizing, on the one hand suspended sentences with probation and, on the other, stand-alone sentences of probation, the judicial machinery necessary to authorize actual imprisonment (or "vulnerability to imprisonment") and the attendant deprivation of liberty is complete and irrevocable and cannot be revisited in a later proceeding involving an alleged violation of a term of probation. Thus, the distinction between a system that announces a specific sentence that may result if the person does not perform in accordance with probationary terms, as opposed to one that authorizes later imposition of imprisonment upon proof only of violation of probationary terms, is illusory for Sixth Amendment purposes. Indeed, a sentence of stand-alone probation under the federal system may present more, not less, troubling consequences than a suspended jail sentence with probation because of the broader latitude and discretion of a federal jurist to impose a harsher punishment than otherwise might have seemed appropriate at an earlier time when the probationer's good behavior was assumed.

*Id.* at 106.

Other courts have refused to grant relief where the prior uncounseled conviction resulted in a standalone probation sentence. *United States v. Madrid-Gomez*, 724 F. Supp. 2d 1141, 1154-55 (D.N.M. 2010) (defendant's prior state DUI-misdemeanor conviction counted toward his criminal history score although he was not represented by

counsel and did not waive his right to counsel, since the conviction resulted only in a standalone sentence of probation, not incarceration); *cf. United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003) (*Shelton*, which held that there was a Sixth Amendment right to counsel in misdemeanor cases where a suspended sentence is imposed, did not require counsel in a misdemeanor case where only a "stand-alone" sentence of probation was imposed; thus, defendant's prior uncounseled misdemeanor conviction, for which he received probation without a suspended sentence, could be used to enhance subsequent a federal, illegal entry conviction from a misdemeanor to a felony grade).

Still, the *Pollard* dissent's point -- that both suspended-sentence and standalone probation cases fall under the *Shelton* rule requiring representation on such prior convictions -- was acknowledged yet deemed an open question in *United States v. Moses*, 396 F. App'x 650 (11th Cir. 2010), which denied a "*Shelton* claim" on other grounds. *Id.* at 652 (defendant's prior uncounselled theft conviction did not violate her Sixth Amendment right to counsel, and thus district court properly counted the prior conviction in computing her criminal history score for sentencing on subsequent drug charges, where her theft charge sentence

was only one day of unsupervised probation that commenced immediately, under which her probation sentence began and effectively ended the same day, so there was no realistic threat of incarceration in future probation revocation proceedings), *cert. pet. filed* Dec 17, 2010.

The uncertainty in the law only shows that Cadle was not so far off the mark here. That is, Pittman cannot show that "*no* competent counsel would have taken the action that his counsel did take," *Ford*, 546 F.3d at 1333 (emphasis added), and a lawyer's failure to exploit a legal argument that can swing either way cannot be equated to missing a clear, direct defense win that *no* competent lawyer would overlook. So even though the government does not win on its no-*Strickland*-prejudice argument, it cannot be said the Cadle fell so far below the *Strickland* performance prong to deem him ineffective. And since Pittman must show both *Strickland* prongs, his first IAC claim fails.

### D. *Kimbrough* Claim

In Ground 2, Pittman argues that Cadle was ineffective for failing to raise *Kimbrough v. United States*, 552 U.S. 85 (2007), before the sentencing judge. Doc. 44 at 9-10. Under *Kimbrough*, "[e]ven departures that are based upon disagreements with the policies of the

Sentencing Guidelines are allowed if the defendant's sentence is based upon all of the [18 U.S.C.] § 3553 [general sentencing statute] factors." FED. CRIM. RULES HANDBOOK Pt. V (2010 ed.).

As the government correctly points out, however, nothing in the record shows that the sentencing judge was confused as to his sentencing authority, much less that he would have been receptive to a sentence-reduction based upon a *Kimbrough* argument. Doc. 45 at 8. In fact, the judge, who imposed a sentence in line with the § 3553(a) sentencing factors, was particularly focused on Pittman's attempt to plead to one thing (cocaine) yet be sentenced on another (marijuana) -- hence, Pittman's manipulativeness. Doc. 29 at 42-44. So even if counsel should have raised a *Kimbrough* argument, Pittman at best only speculates that it would have made a difference. *Kimbrough*, it must be remembered, permits a district judge to consider the crack/powder disparity, but does not *require* him to reduce a defendant's sentence based upon it. *United States v. Stratton*, 519 F.3d 1305, 1306-07 (11th Cir. 2008). Pittman has again failed to show that counsel performed deficiently or that he was prejudiced by any such deficiency. This second claim, then, also fails.

## II.   CONCLUSION

Accordingly, Earl Tyrone Pittman's 28 U.S.C § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.   28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal).   And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   Thus, in forma pauperis status on appeal should likewise be **DENIED**.   28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMENDED** this  2nd  day of March, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA